IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,328-04






EX PARTE RONALD JEFFREY PRIBLE, JR.








ON APPLICATION FOR WRIT OF HABEAS CORPUS


CAUSE NO. 921126-B IN THE 351ST DISTRICT COURT


HARRIS COUNTY






 Per Curiam.


O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure article 11.071.

 Applicant was convicted of capital murder in October 2002. The jury answered the
special issues submitted pursuant to Texas Code of Criminal Procedure article 37.071, and
the trial court sentenced applicant to death. This Court affirmed applicant's conviction and
sentence on direct appeal. Prible v. State, 3 S.W.3d 522 (Tex. Crim. App. 1999)175 S.W.3d
724 (Tex. Crim. App. 2005). On November 19, 2004, applicant filed his initial post-conviction application for writ of habeas corpus pursuant to Article 11.071. We denied
relief. Ex parte Prible, No. WR-69,328-01 (Tex. Crim. App. June 18, 2008) (not designated
for publication). While his initial application was pending, applicant filed two subsequent
writ applications which were dismissed as an abuse of the writ. Ex parte Prible, Nos. WR-69,328-02 and WR-69,328-03 (Tex. Crim. App. June 18, 2008) (not designated for
publication). Applicant then filed a federal petition for writ of habeas corpus. The federal
district court found that several claims in that petition were unexhausted, and stayed and
administratively closed the federal proceedings in order to allow applicant to seek state court
review of those claims. Prible v. Thaler, No. H-09-CV-1896 (S. D. Tex., April 30, 2010)
(not designated for publication).

 Applicant filed this subsequent application with the convicting court on September
8, 2010. In it, he raises five claims challenging his conviction and sentence. We have
reviewed the application and cannot determine on this record whether the factual basis for
these claims was unavailable on the dates that applicant filed his previous applications. 
Therefore, this cause is remanded to the trial court so that the habeas corpus record can be
supplemented with evidence relating to the Section 5 bar. Specifically, applicant shall have
the opportunity to show when and how he obtained the evidence at issue and whether he
exercised reasonable diligence to obtain this evidence at the earliest opportunity. Following
receipt of this additional information, the trial court shall determine whether any of the
claims satisfy the requirements of Article 11.071, § 5. If appropriate, the trial court shall
enter factual findings and credibility determinations.

 If the trial court determines that any of the claims satisfy the requirements of Section
5, then the trial court shall proceed to address those claims on the merits. The trial court shall
supplement the habeas corpus record with any evidence relating to the merits of such claims. 
The trial court may resolve the issues using any means set forth in Texas Code of Criminal
Procedure article 11.071. The trial court shall make any findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of the claims for habeas corpus
relief.

 This application for habeas corpus relief will be held in abeyance pending the trial
court's compliance with this order. The trial court shall receive evidence on the issues
presented within 60 days of the date of this order. (1) A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any
hearing or deposition, along with the trial court's supplemental findings of fact and
conclusions of law, shall be returned to this Court within 90 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 15TH DAY OF DECEMBER, 2010.


Do Not Publish
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.